# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JENNIFER MUNTER a/k/a JENNY MUNTER,<br><br>Plaintiff,<br><br>vs.<br><br>MEAGAN SCHMIDT,<br><br>Defendant. | **CV 17-21-BU-BMM**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Meagan Schmidt filed a Motion for Partial Summary Judgment on April 6, 2018. (Doc. 14.) Plaintiff Jennifer Munter filed her response on April 27, 2018. (Doc. 27.) The Court held a motion hearing on June 7, 2018. (Doc. 43.) Trial is presently scheduled for October 15, 2018, at the Mike Mansfield Courthouse in Butte, Montana.

## BACKGROUND

Schmidt and Munter were involved in a traffic accident on March 2, 2014. (Doc. 15 at 6.) Schmidt rear-ended Munter while Munter was stopped at a stop light on Huffine Lane in Bozeman, Montana. (Doc. 15 at 6); (Doc. 27 at 1-2.) Schmidt has accepted full responsibility for the accident. (Doc. 15 at 6.) Munter alleges that she "suffered a neck injury in the collision." (Doc. 27 at 2.) Munter claims that she has had to undergo "medical treatment, chiropractic treatment,

1

physical therapy, and acupuncture." (Doc. 27 at 2.) Schmidt disagrees that the collision caused Munter's alleged neck injury. (Doc. 15 at 6.) As a result, the parties dispute causation and damages. (Doc. 15 at 6.)

The Court set a Scheduling Order on July 12, 2017. (Doc. 12.) Munter and Schmidt subsequently exchanged Rule 26(a) initial disclosures. (Doc. 15 at 6.) Munter's initial disclosure stated that she may seek future medical damages in an amount "[t]o be determined." (Doc. 15 at 6-7.) Munter and Schmidt exchanged expert witness disclosures on December 8, 2017. (Doc. 15 at 8.) Munter listed her treating physicians. (Doc. 15 at 8.) Munter did not provide any separate expert reports. (Doc. 15 at 8.)

Dr. Katharine Athans, a chiropractor in Belgrade, Montana, serves as one of Munter's treating doctors. (Doc. 27 at 2.) Dr. Athans has stated in her chart notes that Munter "is considered chronic with high probability of no full recovery- but has shown improvement since changing her lifestyle and trying new modalities in the last year." (Doc. 29-3 at 6.) Dr. Althans recently authored a report on April 26, 2018. (Doc. 29-3 at 14.)

Dr. Althans's report consequently was disclosed to Schmidt one day before Munter's response to Schmidt's motion for partial summary judgment was due. (Doc. 34 at 2.) Dr. Althans's April 26, 2018, report states that Munter's "symptoms and reactions to treatment correlate to a complex whiplash which is not chronic

condition, it is likely she will need Chiropractic treatment on an average of once every 3 weeks indefinitely." (Doc. 29-3 at 15.)

Munter currently receives chiropractic treatment approximately once a month. (Doc. 27 at 3.) Munter is expected to need chiropractic treatments every three to four weeks indefinitely. (Doc. 27 at 3.) Munter currently pays $61.00 per chiropractic treatment. (Doc. 27 at 3.) Dr. Gene Slocum and other medical practitioners at Bridger Orthopedic and Sports Medicine in Bozeman, Montana, also treat Munter. (Doc. 27 at 3-4.) Munter has received multiple injection therapies at Bridger Orthopedic. (Doc. 27 at 4.) Munter has provided her medical records and bills to Schmidt. (Doc. 27 at 4.)

Schmidt moved the Court for partial summary judgment in her favor against Munter on her claim for future medical damages pursuant to *Celotex Corporation v. Catrett*. (Doc. 15 at 5.) Schmidt contends that Munter "lacks the required, properly disclosed supporting medical opinion to create a triable fact question" on Munter's future medical damages claim. (Doc. 15 at 5.) Schmidt contends that Munter's initial Federal Rule of Civil Procedure 26 disclosure was inadequate. (Doc. 15 at 16.) Schmidt further contends that Munter needed to disclose a separate expert report because Munter's medical records do not mention future medical treatment and/or damages. (Doc. 15 at 10.) Schmidt finally contends that the medical report filed on April 26, 2018, even if it is considered an expert report,

proves untimely because she filed it two months after the close of discovery. (Doc. 34 at 2.)

Munter disputes Schmidt's claims. Munter argues that the opinions of her treating physicians made these opinions during Munter's treatment. (Doc. 27 at 6.) In support, Munter claims that future medical damages were discussed in those reports authored while Munter was being treated for her alleged neck injury. (Doc.27 at 7-8.) Munter further contends that her Rule 26(a)(2)(C) disclosures were adequate. (Doc. 27 at 10.) Specifically, Munter states that she "provided the (1) subject matter of the treating physician's testimony and evidence and (2) a summary of the facts and opinions to which her providers are expected to testify." (Doc. 27 at 10.) Munter argues, however, that even if her disclosures under Rule 26 were inadequate, those inadequate disclosures are substantially justified or harmless to Schmidt pursuant to Rule 37(c)(1). (Doc. 27 at 15.)

## LEGAL STANDARDS

A party may move for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a). If no genuine dispute of material fact exists, then summary judgment is proper, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court will grant summary judgment where the documentary evidence produced by the parties only permits one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A moving party, who does not carry the burden of proof at trial, carries the "initial burden of production" on a summary judgment motion. *Nissan Fire & Marine Insurance Company, LTD v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (2000). The movant may fulfill her initial burden of production in one of two ways. *Id.*, at 1106. The movant may produce "affirmative evidence negating an essential element of the nonmoving party's claim." *Id.*, at 1103. The movant alternatively may show that the "nonmoving party did not have enough evidence to carry" her burden of proof at trial. *Id*. If the movant meets her burden of production, the nonmovant must produce evidence to support her claim. *Id*. Rule 56 mandates summary judgment where the nonmovant's production of evidence does not create a genuine issue of material fact. *Id*. If the movant fails to meet her initial burden of production, then the nonmovant may defeat the motion for summary judgment without producing any evidence. *Id*.

Federal Rule of Civil Procedure 26 governs disclosure of computations of damages. A party, before a discovery request, must provide the other party with "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The party must "also make available for inspection and copying . . . the documents or other evidentiary material" on which the computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). Disclosing parties must "supplement their prior disclosures in a 'timely manner' when the prior response is

'incomplete or incorrect.'" *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (*quoting* Fed. R. Civ. P. 26(e)(1)(A)).

Rule 26(a) also requires parties to disclose the identity of any witness that may offer expert testimony during trial. Fed. R. Civ. P. 26(a)(2)(A). An expert witness "retained or specifically employed to provide testimony" must prepare and sign a separate written report. Fed. R. Civ. P. 26(a)(2)(B). Absent an exception, this report must be disclosed to the opposing party. *Id*.

When diversity jurisdiction exists, the Court must apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Montana requires "qualified medical testimony from an expert witness" to establish future medical damages. *Moralli v. Lake County*, 839 P.2d 1287, 1291 (Mont. 1992). Treating physicians generally stand exempt, however, from Rule 26(a)(2)(B)'s disclosure of a separate report requirement. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

Treating physicians are hired to treat patients. *Id*. Treating physicians specifically are not hired to provide expert testimony. *Id*. Accordingly, treating physicians are only required to furnish a Rule 26(a)(2)(B) report when they morph "into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony." *Id*. at 820-21. A "treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part

6

of the ordinary care of a patient." *Arneson v. Mich. Tissue Bank*, 2007 WL 4698986, *10 (D.Mont. Mar. 26, 2007). A treating physician "is not constrained in his or her testimony by the literal words of the medical records." *St. Vincent v. Werner Enterprises, Inc.*, 267 F.R.D. 344, 355 (D. Mont. April 2, 2010).

Rule 26(a)(2)(C) governs disclosure of treating physicians testifying only as to a patient's medical records. A Rule 26(a)(2)(C) disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, and 705; and a summary of the facts and opinions to which the witness is expected to testify."

The Court's Scheduling Order embodies expert witness disclosures pursuant to Rule 26(a)(2) and Ninth Circuit law. The Scheduling Order, in pertinent part, provides: "An inadequate report or disclosure *may* result in exclusion of the expert's opinions at trial even if the expert has been deposed. An expert report is not required from a treating physician unless testimony to be offered by the treating physician will include opinions not expressed in medical records." (Doc. 12 at 4.) (emphasis added).

Parties must disclosure expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Scheduling Order required experts to be disclosed by December 8, 2017. (Doc. 12 at 1.) The Scheduling Order set close of discovery for February 23, 2018. (Doc. 12 at 1.) Failure to timely

disclose "information or identify a witness as required by Rule 26(a)," however, does not result in the categorical exclusion of that information or witness. Fed. R. Civ. P. 37(c)(1). Witnesses and information will not be excluded if the "failure was substantially justified or is harmless." *Id*. The Court follows the following factors to determine whether the untimely disclosure was justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. V. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (2010).

## DISCUSSION

Genuine issues of material fact exist regarding Munter's future medical damages claim that preclude partial summary judgment. Schmidt, the moving party without the burden of proof at trial, has the initial burden of production. Schmidt accordingly must show that Munter does not "have enough evidence to carry" her burden of proof at trial. *Nissan*, 210 F.3d at 1103. Schmidt has not met her burden.

Schmidt produced evidence that Munter's initial disclosure of her computation of damages was inadequate. Schmidt's cites Munter's request for future medical damages in an amount "to be determined." Munter produced evidence disputing Schmidt's evidence. (Doc. 27 at 15.) Munter continues to be treated for her alleged injury. (Doc. 27 at 15.) Munter continues to supplement her

8

medical records and bills as she receives them from her treating physicians. (Doc. 27 at 15.)

Schmidt further produced evidence that Munter needed to disclose a separate expert report. Montana law requires Munter to have a medical expert testify about future medical damages. *See Moralli*, 839 F.3d at 1291. Munter disclosed several of Munter's treating physicians as expert witnesses, including Dr. Althans. (Doc. 29-4.) Munter did not disclose any separate expert reports because Munter's treating physicians are testifying based off Munter's medical records. (Doc. 27 at 10.) Munter's medical records discuss future medical treatment. (Doc. 27 at 2.) Munter specifically references Dr. Althans's chart notes in which she stated that Munter "is considered chronic with high probability of no full recovery." (Doc. 27 at 7.) Munter's medical records also include the cost of her chiropractic treatment and the cost of her chiropractic treatment and the cost of her injection therapy. (Doc. 27 at 7-8.) Munter's medical reports also reference the permanency of her injury. Schmidt did not produce evidence that Munter's medical records did not discuss future medical treatment and/or damages.

Schmidt has not meet her initial burden of production. Summary judgment is not proper. Material issues of fact exist that preclude judgment as a matter of law.

Schmidt, in her reply, seeks to exclude Dr. Althans's April 26, 2018, report as untimely. (Doc. 34 at 2.) Munter untimely disclosed Dr. Althans's report. The

untimely disclosure proves substantially justified or harmless. Dr. Althans's report does not prejudice Schmidt. And the report certainly should not have surprised Schmidt. Munter continually has disclosed her medical reports from her visits with Dr. Althans. Dr. Althans's medical reports mention future medical treatment. (Doc. 27 at 2, 7.) Schmidt can cross-examine Dr. Althans's on the timeliness of her report. The late disclosure also does not disrupt trial. Schmidt claims that Munter's injury was not caused by the car accident. (Doc. 15 at 6.) The late disclosure of Dr. Althans's report does not change Schmidt's argument. Finally, the Court finds no evidence of bad faith or willfulness involved in not timely disclosing Dr. Althans's report. The report was authored April 26, 2018, and, as part of Munter's ongoing duty to disclose, Munter provided the report to Schmidt the day the report was drafted and provided to Munter.

    Accordingly, IT IS ORDERED that Schmidt's Motion for Partial Summary Judgment (Doc. 14) is DENIED.

    DATED this 3rd day of October, 2018.

_____
Brian Morris
United States District Court Judge