# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JENNIFER MUNTER a/k/a JENNY MUNTER,<br><br>Plaintiff,<br><br>vs.<br><br>MEAGAN SCHMIDT,<br><br>Defendant. | CV 17-21-BU-BMM<br><br><br>ORDER |

Plaintiff Jennifer Munter consolidated eleven motions in limine into one Motions in Limine filed on April 11, 2018. (Doc. 18.) Defendant Meagan Schmidt filed her response on April 25, 2018. (Doc. 26.) The Court conducted a motion hearing on June 7, 2018. (Doc. 43.) The Court ruled from the bench on all eleven issues. The Court's rulings are reiterated below.

## MOTION IN LIMINE NUMBER 1

1

Munter sought to preclude Schmidt from presenting any evidence on how this litigation or potential adverse verdict may impact Schmidt's financial status or reputation. (Doc. 19 at 5-6.) The Court granted the motion. (Doc. 59 at 18:23.)

## MOTION IN LIMINE NUMBER 2

Munter sought to preclude any collateral source evidence, including receipt of health insurance payments. (Doc. 19 at 6.) The Court granted the motion. (Doc. 59 at 19:10-13.)

## MOTION IN LIMINE NUMBER 3

Munter sought to preclude Schmidt from telling the jury that Munter had acted inappropriately by interviewing fact witnesses before the trial. (Doc. 19 at 6-7.) The Court determined that it is appropriate for Schmidt to explore whether Munter's counsel provided any information to the witnesses that may influence their testimony. (Doc. 59 at 20:10-13.) The Court orders that Schmidt cannot ask the witnesses whether they "had improper contact with counsel." (Doc. 59 at 20:8-10.) The Court further orders that Schmidt cannot imply or expressly claim that contact with Munter's counsel would have been improper. (Doc. 59 at 20:13-15.) The motion is granted in part.

## MOTION IN LIMINE NUMBER 4

Munter sought to preclude Schmidt from presenting any evidence of comparative and/or contributory negligence on the part of Munter. (Doc. 19 at 7.) The Court granted the motion. (Doc. 59 at 21:3-5.)

**MOTION IN LIMINE NUMBER 5**

Munter sought to preclude Schmidt from arguing that Munter's damages can be apportioned based upon preexisting condition. (Doc. 19 at 7.) The Court granted the motion. (Doc. 59 at 23:21-24:2.)

**MOTION IN LIMINE NUMBER 6**

Munter seeks to preclude Schmidt from presenting any evidence of Munter's prior injuries or subsequent injuries that are unrelated to the injuries Munter suffered in the accident. (Doc. 19 at 7.) The Court reserved ruling until trial. (Doc. 59 at 25:6-9.)

**MOTION IN LIMINE NUMBER 7**

Munter seeks to preclude Schmidt's expert, Dr. Anderson, from testifying that the accident involved only "minor impact forces," or from expressing any opinion that Munter was not injured and could not have been injured because of the collision only involved "minor impact forces." (Doc. 19 at 8-13.) The Court reserved ruling until trial. (Doc. 59 at 45:16-17.)

## MOTION IN LIMINE NUMBER 8

Munter seeks to preclude Schmidt's expert, Dr. Anderson, from commenting on Munter's credibility. (Doc. 19 at 14-15.) The Court granted the motion. (Doc. 59 42:1-7.)

## MOTION IN LIMINE NUMBER 9

Munter seeks to preclude Schmidt's expert, Dr. Anderson, from testifying that depression and anxiety have contributed to her symptoms. (Doc. 19 at 16-17.) The Court prohibits Dr. Anderson from stating that Munter suffers from "chronic depression and anxiety." (Doc. 59 at 44:19-45:6.) The Court orders Dr. Anderson to stick to the facts found in the medical reports and to avoid making a diagnosis about Munter's depression and anxiety. (Doc. 59 at 44:19-45:6.) The Court further prohibits Dr. Anderson from opining that Munter's pain is caused by depression. (Doc. 59 at 48:24-49:6.)

## MOTION IN LIMINE NUMBER 10

Munter seeks to preclude Schmidt's expert, Dr. Anderson, from stating that his opinions are based upon "evidence-based medicine." (Doc. 19 at 17-18.) The Court granted the motion. (Doc. 59 at 38:12-19.)

## MOTION IN LIMINE NUMBER 11

Munter seeks to preclude Schmidt's expert, Dr. Anderson, from testifying in this action. (Doc. 19 at 18.) The Court denied the motion.

For the reasons stated in open court, IT IS ORDERED that Munter's Motions in Limine (Doc. 18) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that rulings on Motion Number 6 (Doc. 19 at 7) and Motion Number 7 (Doc. 19 at 8) are RESERVED.

DATED this 3rd day of October, 2018.

Brian Morris
United States District Court Judge