# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JENNIFER MUNTER a/k/a JENNY MUNTER, <br><br> Plaintiff, <br><br> vs. <br><br> MEAGAN SCHMIDT, <br><br> Defendant. | CV 17-21-BU-BMM <br><br><br><br> **ORDER** |

Defendant Meagan Schmidt filed a Motion to Exclude Rick Ridley on April 13, 2018. (Doc. 22.) Plaintiff Jennifer Munter filed her response on April 27, 2018. (Doc. 31.) The Court held a motion hearing on June 7, 2018. (Doc. 43.) Trial is presently scheduled for October 15, 2018, at the Mike Mansfield Courthouse in Butte, Montana.

## BACKGROUND

Schmidt and Munter were involved in a traffic accident in March 2014. (Doc. 23 at 1.) Bozeman Ford repaired Schmidt's vehicle. (Doc. 23 at 1.) Various Bozeman Ford employees worked on Schmidt's vehicle. (Doc. 23 at 1.) Rick Ridley, who is presently employed by Bozeman Ford, was not one of those employees. (Doc. 23 at 1-2.) Munter, nonetheless, seeks to call Ridley as a witness.

Ridley was deposed in March 2018. (Doc. 23 at 2.) Munter deposed Ridley "individually as an employee of Bozeman Ford, not a corporate representative," pursuant to Rule of Civil Procedure 30(b)(6). (Doc 23 at 3.) At the time of Ridley's deposition, Ridley had been employed by Bozeman Ford for four months. (Doc. 23 at 2.) Ridley personally has never seen Schmidt's vehicle. (Doc. 23 at 3.) Ridley also did not draft any documents related to the repair of Schmidt's vehicle. (Doc. 23 at 3-4.) Munter provided Ridley with pictures of the damage to Schmidt's vehicle. (Doc. 31 at 2.) Munter also provided Ridley with the Bozeman Ford repair invoice prepared following the repairs to Schmidt's vehicle. (Doc. 31 at 1-2.) Ridley's deposition testimony focused on both the provided photographs and the repair invoice. (Doc. 31 at 2.)

Munter has not disclosed Ridley as an expert witness. (Doc. 23 at 2.) Ridley works as a mechanic. (Doc. 23 at 4.) Ridley has worked in the collision industry for approximately forty years. (Doc. 31 at 2.) Ridley lacks any background, however, in biomechanics or accident reconstruction. (Doc. 23 at 4.) Ridley lacks the background to perform a crash analysis. (Doc. 23 at 4.)

Schmidt seeks to exclude Ridley from testifying. Schmidt contends that Ridley lacks personal knowledge under Federal Rules of Evidence 602 and 701. (Doc. 23 at 7.) Accordingly, Ridley cannot testify as a lay witness. (Doc. 23 at 7.) Schmidt alternatively contends that Ridley cannot testify as an expert. (Doc. 23

7.) Schmidt first argues that Ridley cannot testify as an expert because Munter failed to disclose Ridley as an expert witness. (Doc. 23 at 8.) Schmidt argues that Ridley does not meet *Daubert*'s twin aims because Ridley's testimony would be irrelevant and his testimony "cannot bridge the gap between the damage to Schmidt's car and the forces in this accident." (Doc. 23 at 8-13.)

Munter asserts that Ridley can testify as a lay witness because he meets the requirements of Rules 602 and 701. (Doc. 31 at 3.) Munter argues that Ridley's deposition testimony was based on admissible evidence. Ridley testified about the Bozeman Ford repair invoice. This repair invoice would be admissible as a business record pursuant to Federal Rule of Evidence 803(6). (Doc. 31 at 3.) Ridley testified about the damage to Schmidt's vehicle and Munter's vehicle based on the photographs that Munter provided to Ridley. (Doc. 31 at 2-3.) Schmidt admitted that those photographs depicted the damage to her vehicle. (Doc. 31 at 2.)

Munter further seeks to have Ridley testify about "the manner in which he inspects vehicle damage and the type of frame construction of the Munter and Schmidt vehicles." (Doc. 31 at 5.) Munter argues that Ridley's testimony would be based on his personal knowledge and experience in the collision repair business. (Doc. 31 at 5.) Munter concedes that Ridley cannot be called as an expert witness. (Doc. 31 at 8.)

## LEGAL STANDARD

A repair invoice would be admissible hearsay if it falls under the business records exception under Federal Rule of Evidence 803(6). Rule 803(6) states that a "record of an act, even, condition, opinion, or diagnosis" should be admitted if: "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

## DISCUSSION

Schmidt contends, and Munter concedes, that Ridley cannot testify as an expert pursuant to Rule 702. The Court agrees. Ridley is precluded from testifying as an expert in these proceedings.

Ridley lacks firsthand knowledge, and he did not directly observe the damage to Schmidt's vehicle. As a result, Ridley also cannot testify as a lay witness under Rule 602 or Rule 701.

Ridley will be able to testify as a qualified witness under Rule 803(6). Once Ridley's testimony satisfies the remaining prongs of the Rule 803(6) analysis, the Bozeman Ford repair invoice will be admitted into evidence. Ridley will then be allowed to testify based off the Bozeman Ford repair invoice. Ridley's testimony would be limited to whether Bozeman Ford repaired Schimdt's vehicle, whether the invoices reflect accurately the repair work performed on the vehicle, and whether the photographs reflect the damage to Schmidt's vehicle sustained in the collision with Munter.

Accordingly, IT IS ORDERED that Schmidt's Motion to Exclude Rick Ridley (Doc. 22) is GRANTED IN PART and DENIED IN PART.

IT IS ORDERED that Rick Ridley can testify for Rule 803(6) purposes.

IT IS FURTHER ORDERED that Rick Ridley is precluded from testifying as an expert witness.

IT IS FURTHER ORDERED that Rick Ridley can testify as a lay witness.

DATED this 3rd day of October, 2018.

Brian Morris
United States District Court Judge