# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JENNIFER MUNTER a/k/a JENNY MUNTER, <br><br> Plaintiff, <br><br> vs. <br><br> MEAGAN SCHMIDT, <br><br> Defendant. | **CV 17-21-BU-BMM** <br><br> **ORDER** |

Defendant Meagan Schmidt filed Omnibus Motions in Limine on April 13, 2018. (Doc. 20.) Plaintiff Jennifer Munter filed her response on April 27, 2018. (Doc. 32.) Schmidt raised five motions. (Doc. 20.) The Court held a motion hearing on June 7, 2018. (Doc. 43.) The Court issued rulings from the bench on three out of the five motions. Those rulings are reiterated below. Motions number two and three relate to Schmidt's Motion for Partial Summary Judgment (Doc. 15).

## MOTION NUMBER 1

Schmidt seeks to preclude Munter from presenting any evidence that Schmidt was injured in the accident. (Doc. 21 at 3.) The Court denied the motion. (Doc. 59:14-18.)

1

**MOTION NUMBER 2**

Schmidt seeks to prohibit Munter's treating physicians from offering any opinions that are not set forth in Munter's medical records. (Doc. 21 at 4.) Munter contends that her treating physicians should be allowed to express opinions they "formed during the course of treatment" regarding causation, future treatment, and the extent of disability regardless of whether the opinions are stated in the medical records. (Doc. 32 at 4-5.)

When diversity jurisdiction exists, the Court must apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Federal Rule of Civil Procedure 26(a) requires parties to disclose the identity of any witness that may offer expert testimony during trial. Fed. R. Civ. P. 26(a)(2)(A). An expert witness "retained or specifically employed to provide testimony" must prepare and sign a separate written report. Fed. R. Civ. P. 26(a)(2)(B). Absent an exception, this report must be disclosed to the opposing party. *Id.*

Montana requires "qualified medical testimony from an expert witness" to establish future medical damages. *Moralli v. Lake County*, 839 P.2d 1287, 1291 (Mont. 1992). Treating physicians generally stand exempt, however, from Rule 26(a)(2)(B)'s disclosure of a separate report requirement. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011). Treating physicians are

hired to treat patients. *Id*. Treating physicians specifically are not hired to provide expert testimony. *Id*. Accordingly, treating physicians are required to furnish a Rule 26(a)(2)(B) report only when they morph "into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony." *Id*. at 820-21. A "treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient." *Arneson v. Mich. Tissue Bank*, 2007 WL 4698986, *10 (D.Mont. Mar. 26, 2007). A treating physician "is not constrained in his or her testimony by the literal words of the medical records." *St. Vincent v. Werner Enterprises, Inc.*, 267 F.R.D. 344, 355 (D. Mont. April 2, 2010).

Munter's treating physicians can testify to the opinions they formed during Munter's treatment regarding causation, future treatment, and the extent of Munter's disability so long as Munter's medical records support such opinions. (Doc. 32 at 5.) Munter's treating physicians are not constrained to the literal words of Munter's medical records. Munter's treating physicians cannot opine, however, to opinions on causation, future treatment, and the extent of Munter's disability if those opinions are not even implicitly supported by Munter's medical records.

Though the testimony of Munter's other treating physicians is limited to Munter's medical records, Dr. Althans's testimony is not. For reasons in the Court's Order denying Schmidt's Motion for Partial Summary Judgment (Doc.

3

77), Dr. Althans is allowed to testify to the opinions in her April 26, 2018, report. Schmidt's motion to prohibit Munter's treating physicians from testifying outside of Munter's medical records is denied.

## MOTION NUMBER 3

Schmidt seeks to preclude Munter from asking the jury to award future medical costs. (Doc. 21 at 5.) Schmidt argues that (1) Munter's medical records do not include any medical opinions as to "the type, necessity, duration or cost of any future medical treatment," (2) Munter has submitted only one expert report and it was untimely, and (3) Munter has not shown that the untimely expert report was substantially justified or harmless. (Doc. 21 at 5-8.) Schmidt's Motion for Partial Summary Judgment raises the same computation issue. (Doc. 14). The Court denied Schmidt's Motion for Partial Summary Judgment on October 3, 2018. (Doc. 77.) For the reasons set forth in the Court's Order denying Schmidt's Motion for Partial Summary Judgment, Schmidt's motion to preclude Munter from asking the jury to award her future medical costs is denied.

## MOTION NUMBER 4

Schmidt seeks to preclude Munter from presenting any evidence or argument that Schmidt has liability insurance. (Doc. 21 at 8.) The Court ordered the parties to reach an agreement to redactions of the insurance estimate. (Doc. 59 at 56:19-25.) The Court conducted a Final Pretrial Conference on October 3, 2018.

(Doc. 76.) Counsel for both parties reached an agreement regarding the redaction of Schmidt's insurance estimate.

**MOTION NUMBER 5**

Schmidt requests that all witnesses be excluded from the courtroom until they testify. (Doc. 21 at 8.) The Court granted the motion. (Doc. 59 at 57:1-3.)

Accordingly, IT IS ORDERED that Schmidts Omnibus Motions in Limine are GRANTED IN PART and DENIED IN PART.

Dated this 4th day of October, 2018.

_____
Brian Morris
United States District Court Judge